BERTHA BEUGLESS, ADMINISTRATRIX AD PROSEQUEN-
DUM OF OWEN M. BEUGLESS, PLAINTIFF, v. DAVID
THOMAS, DEFENDANT.

Decided November 16, 1923.

**Bail—Negligence Suit—Sufficiency of Affidavit—Attesting of
Capias.**

On application to set aside an order to hold to bail.

For the application, *R. Wayne Kraft* and *Joseph J. Summerill.*

*Contra, Howard Eastwood.*

The opinion of the court was delivered by

KATZENBACH, J. This is an application to set aside an order of a Supreme Court commissioner, that the defendant be held to bail in the sum of $2,000. The action is one to recover damages of the defendant for the death of Owen M. Beugless as a result of the alleged negligent operation of the defendant's automobile. Among the grounds advanced to set aside the order are that the affidavit upon which the order is

based does not contain proof of the facts therein alleged and that the *capias* was issued and tested prior to the filing in the clerk's office of the affidavit and order to hold to bail.

It appears that the *capias* was issued and tested on October 23d, 1923, and the affidavit and order to hold to bail was not filed with the clerk of the court until October 25th, 1923. This question was recently considered in the case of *Hand* v. *Nolan* (decided August 27th, 1923), 1 *N. J. Mis. R.* 429. It was held in that case that the provision of the statute requiring the filing of the proof and order before the issue of the *capias* was mandatory.

The affidavit upon which the order was made is defective. It does not state that the affiant of her own knowledge is possessed of the facts therein stated. From the wording of the affidavit it would appear that the matters referred to therein was information imparted to the affiant by others. The affidavit must contain proof of the facts set forth. By proof is meant competent and legal evidence, "testimony which conforms to the fundamental rules." *Hufty* v. *Wilson*, 78 *N. J. L.* 241. This excludes hearsay. The affidavit moreover states the opinions of the affiant, as, for example, stating that the defendant's automobile was driven at an excessive speed without stating the miles per hour the car was traveling at the time of the accident. It is unnecessary to consider the other grounds advanced by defendant's counsel.

For these reasons the order to hold to bail will be set aside. The defendant will be discharged from arrest and his bail will be discharged. The case will proceed as if commenced by summons.